**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

June 16, 2022

*Via ECF*

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

> Application **GRANTED**. For substantially the reasons set forth below, the early termination of Mr. Alba's supervised release is "warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. 3583(e)(1). The Probation Department is directed that Mr. Alba's term of supervised release is terminated as of the date of this Order.
>
> Dated: June 21, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *United States v. Joshua Alba,*
      20 Cr. 298 (LGS)

Honorable Judge Schofield:

I write to respectfully request the early termination of Joshua Alba's supervised release. Mr. Alba plead guilty, pursuant to a plea agreement, to count one conspiracy to commit honest services wire fraud in violation of Title 18 United Stats Code, § 1349. Your honor imposed a sentence to time served and two years of supervised release, a forfeiture of $5,000.00, and a special assessment of $100.00. As of today, Mr. Alba has completed about 14 months of the two-year term of supervised release without incident. He has paid all financial obligations owed to the court. I have discussed this request with Mr. Alba's supervising officer, United States Probation Officer Vincent Danielo, who has no objection to early termination of Mr. Alba's supervision.

Since sentencing, Mr. Alba has made significant strides to get his life back on track. He has maintained a managerial position in a supermarket. He has found inspiration in one day running his own supermarket business in the Dominican Republic, where his mother and maternal grandmother reside. Mr. Alba has had no negative contact with law enforcement and remains in compliance with the conditions of his release. For the reasons below, termination of Mr. Alba's supervision is warranted and in the interest of justice.

### The legal standard.

Under Title 18 United States Code, § 3583(e)(1), the sentencing court has authority to "terminate a term of supervised release at any time after the expiration of one year of supervised release…… if [the court] is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." The determination is made with a consideration of factors set forth under Section 3553(a), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). Supervised released focuses on rehabilitative purposes. See United States v. Johnson, 529 U.S. 53, 59 (2000). Applying this standard, courts order early termination where a defendant has completed a substantial portion of their supervised release and complied with all relevant conditions of their supervised release. See United States v. Lussier, 103 F.3d 32, 36 (2d Cir. 1997).

### I.  Mr. Albas' Impeccable Conduct on Supervised Release Warrants Early Termination.

Mr. Alba has completed 14 months of supervision and has been committed to the rehabilitative goals of his supervised release. During this time, Mr. Alba has been proactive in re-establishing his life. He has taken full responsibility for his misconduct and remained in perfect compliance with the terms of supervision. He has been actively devoted to living a productive life focused on his core values of family and work. Mr. Alba has remained a contributing member of society, who will not re-offend.

Working was something Joshua always did. As a young boy growing up, his family instilled the value of hard work. Prior to sentencing, Mr. Alba obtained a job working as an assistant manager. To date, Mr. Alba continues to excel in his full-time employment with C-Town Supermarket, where he frequently works overtime. Mr. Alba is employed as an assistant manager, where he supervises about 80 employees. Mr. Alba makes orders for the stores, sets and changes prices, monitors the performance of the departments weekly and provides customer service. Mr. Alba's strong work ethic has allowed him to succeed in his role. His employer characterized him as very reliable, responsible, and hardworking.

Outside of work, Mr. Alba continues to remain close with his family members. As a family-oriented young man, he has nurtured his relationships especially with his mother, maternal grandmother, father, uncle, and cousin. Mr. Alba's strong family ties in the United States and the Dominican Republic have aided him during supervised release. They have all remained supportive of Mr. Alba since the start of sentence and are proud of the path he has taken to move forward. Mr. Alba frequently communicates with the family members, especially his mother and grandmother, who reside in the Dominican Republic. Also, his father, uncle, and cousin, who reside in the United States continue to remain actively present in his life. Mr. Alba has goals to move back to the Dominican Republic and open his own supermarket. He hopes to assume the role as head of the family and take over the family business. Without the ability to remain in the Dominican Republic indefinitely, Mr. Alba cannot assume the role.

### II.     Mr. Alba's Medical Circumstances Favor Termination.

That Mr. Alba continues to work hard belies the constant physical pain he is in. Mr. Alba has a painful rotator cuff should injury that affects his ability to lift things or perform many tasks. Mr. Alba's doctors have recommended surgery. Although he is medically insured, he cannot afford to undergo the surgery in the United States. In the Dominican Republic, the procedure is far less expensive. Yet, while he remains on supervision, Mr. Alba will require the Court's authorization to travel to the Dominican Republic and cannot remain there. It does not serve any purpose of supervision for Mr. Alba to postpone needed medical treatment until his term expires.

Were Mr. Alba to be granted temporary travel authorization to have shoulder surgery in the Dominican Republic, he would still face a long and painful recovery from the procedure. Mr. Alba has been told to expect recovery from the surgery to last four to six months. During this time, Mr. Alba will require physical therapy and assistance with many aspects of his life. If he can remain in the Dominican Republic after surgery, Mr. Alba's mother is available to assist him during his recovery.

### Conclusion

While on supervised release, Mr. Alba has demonstrated that he can lead a law-abiding life and no longer requires supervision. Mr. Alba's flawless performance on supervised release, his steady employment, and his supportive role in his family has demonstrated that, he has successfully reintegrated into the community. The Probation Department does not object to terminating his term of supervision. Doing so is clearly warranted and in the interest of justice. Accordingly, on Mr. Alba's behalf, I respectfully request that the Court order early termination of Mr. Alba's term of supervised release.

Thank you for your considering this request.

Respectfully submitted,

Christopher A. Flood
Assistant Federal Defender
Tel.: (212) 417-8734

cc:     Jarrod Schaeffer, AUSA (by ECf)